ALBERT W. CONNELL and MARION P. CONNELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ALBERT W. CONNELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Connell v. Commissioner
Docket Nos. 371-80, 372-80.
United States Tax Court
T.C. Memo 1981-497; 1981 Tax Ct. Memo LEXIS 249; 42 T.C.M. (CCH) 1041; T.C.M. (RIA) 81497; September 10, 1981. Albert W. Connell, pro se. Isham B. Bradley, for the respondent. PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined deficiencies in Federal income tax and an addition to the tax under section 6653(a) [1] in these consolidated cases as follows: Deficiency
Addition to the Tax
Docket No.
Year
in Tax
(Section 6653(a))
371-80
1976
$ 552
$ 28
372-80
1977
19,814
0
The issues for decision by the Court are: (1) Whether or not petitioners omitted interest income in the amount of $ 2,932 from their joint return for the taxable year 1976; (2) Whether or not any part of any underpayment of tax for the taxable year 1976 was due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a); and (3) Whether or not petitioner Albert W. Connell received wages in the *251 amount of $ 44,424 for the taxable year 1977. FINDINGS OF FACT Some of the facts have been stipulated are are so found. At the time they filed their petition in Docket No. 371-80, petitioners were residents of Madison, Tennessee. Petitioners filed a joint Federal income tax return for the taxable year 1976 with the Director, Internal Revenue Service Center, Chamblee, Georgia. Petitioner Marion P. Connell is a party to this case solely by virtue of having filed a joint return with her husband for the taxable year 1976, and the term petitioner will hereafter refer to the husband. Petitioner was employed as an outside salesman by the Nashville Automobile College of Nashville, Tennessee, and his sales territory was in Florida. On that return for 1976 petitioner reported wages of $ 35,361 and interest income of $ 121. Petitioner received interest income in the total amount of $ 3,053 in 1976. At the time he filed his petition in Docket No. 372-80, Albert W. Connell (petitioner) was a resident of Madison, Tennessee. For the taxable year 1977 petitioner filed a document with the Director, Internal Revenue Service Center, Chamblee, Georgia. That document included a Form 1040, *252 U.S. Individual Income Tax Return for 1977, and various attachments thereto. The Form 1040 listed petitioner's name, address, occupation ("Businessman"), filing status (Married filing separately), and exemptions (self, spouse and child), but in the line for his Social Security Number and in the other lines on the Form 1040 petitioner inserted either "Object: Self-Incrimination" or "None." [2] At the bottom of page 1 of the Form 1040, petitioner stated "The attached memorandum (11 pages) is to be considered a part of this return." The attached 11 pages consisted of fragments of quotations from various cases, newspaper clippings, and correspondence and documents involving other cases. These materials, some of which involved so-called "tax protester cases," related principally to Fifth Amendment rights. There is no criminal investigation or case pending or contemplated in regard to petitioner's Federal tax liability. There are no facts in the record suggesting any real danger of any investigation or prosecution for any non-tax *253 crime. In 1977 petitioner was employed by the Nashville Automobile College, also known as the Nashville Auto-Diesel College, in Nashville, Tennessee. The Nashville Automobile College issued a Form W-2, Wage and Tax Statement, showing total wages, tips and other compensation paid to petitioner in 1977 in the total amount of $ 44,424 and Federal income tax withheld of $ 400. There were cancelled payroll checks made out to and endorsed by petitioner for at least $ 19,875.80 of that amount.The record does not show how the balance of the $ 44,424 was paid to petitioner, but the Court concludes that petitioner was paid the full amount. [3]
*254 On audit respondent determined that petitioner and his wife had additional interest income of $ 2,932 for 1976, and that their underpayment of tax was due to negligence or intentional disregard of rules and regulations. Respondent also determined that for the year 1977 petitioner had received wages of $ 44,424 and interest income of $ 3,358. Espondent computed petitioner's Federal income taxes for 1977 based upon those amounts of income, one personal exemption, and tax rates for a married person filing separately. Respondent now concludes the interest income item for 1977. OPINION For the taxable year 1976 the issues involve unreported interest income and a negligence addition to the tax imposed in regard to that unreported interest income. At the trial petitioner conceded that he had received the interest income and failed to report it on his tax return. He offered no explanation for failing to report it except: Other than I was just negligent, is all. Just overlooked it. Respondent's determination of the tax and addition to the tax under section 6653(a) must be sustained. For the taxable year 1977 petitioner apparently misconceives the issue involved. Petitioner *255 seems to think that a claim of a Fifth Amendment right against self-incrimination serves to relieve him of liability for tax on his income.In this case respondent merely determined that petitioner received wages in 1977 from his employer, Nashville Automobile College, in the amount of $ 44,424 and determined petitioner's Federal income tax for the year for that unreported income. Respondent has not determined any addition to the tax for fraud under section 6653(b), for negligence or intentional disregard of rules and regulations under section 6653(a), for failure to file a return or to pay tax under section 6651(a), or for failure to pay estimated income tax under section 6654(a). The only issue raised in the statutory notice that is before the Court is whether or not petitioner received wages of $ 44,424 in 1977. At the trial, petitioner confined himself to arguments about his right to file his return in the form that he did and about his Fifth Amendment right against self-incrimination. Petitioner filed what has been called a "Porth-type" tax return, a document that contained no figures or information from which his tax liability could be computed, the lines on the Form *256 1040 being answered "Object: Self-Incrimination" or "None." Petitioner refuses to recognize the simple fact that respondent has not challenged the form of his "return" for 1977. His reliance upon United States v. Neff, 615 F. 2d 1235 (9th Cir. 1980), cert. den. 447 U.S. 925 (1980), is misplaced. In that case the taxpayer who filed a Porth-type return was prosecuted for willful failure to file a tax return. This case does not involve tax fraud, either civil or criminal. There is no criminal investigation or prosecution pending or contemplated by respondent, and petitioner agrees that he is not concerned about any criminal tax matter. At the outset of the trial petitioner stated that: The only real issue before this Court is whether or not I have real and substantial grounds for fear that information provided or supplied on tax returns could tend to incriminate me on a particular non-tax offense. (Emphasis added.) Petitioner's "testimony" consisted of legal arguments and references to cases. The record is singularly devoid of a single fact that would permit the Court to find that petitioner has any reasonable fear of self-incrimination. *257 Petitioner just baldly asserted that there was a particular non-tax offense that he was concerned and worried about, and the Court did not believe him. On this record the Court can only conclude that any possible danger of self-incrimination is so remote or speculative that it cannot support a Fifth Amendment claim in this case. McCoy v. Commissioner, 76 T.C. No. 84, filed June 15, 1981; Burns v. Commissioner, 76 T.C. No. 61, filed May 7, 1981; Ryan v. Commissioner, 67 T.C. 212, 217 (1976), affd. 568 F. 2d 531, 539 (7th Cir. 1977), cert. den. 439 U.S. 820 (1978).
Moreover, here respondent established petitioner's income independently of his Form 1040 and independently of any testimony by petitioner. Even if a taxpayer fails to file a tax return of any type, respondent can use any reasonably method to reconstruct or determine his income. At the trial the Court received into evidence a Form W-2, Wage and Tax Statement, issued to petitioner by his employer, Nashville Automobile College, for the taxable year 1977. The parties stipulated to that Form W-2, and respondent also called as a witness an accountant *258 from the Nashville Automobile College, who identified the Form W-2 and testified that it accurately reflected the wages paid to petitioner during 1977. The Form W-2 showed wages paid to petitioner in the amount of $ 44,424 for that year. The accountant also produced and identified some of the payroll checks for 1977 made out to and endorsed by petitioner. Based upon those documents and the sworn testimony of the accountant, the Court has found as a fact that petitioner received wages in the total amount of $ 44,424 in 1977. That finding of fact is based on independent evidence quite apart from the document filed by petitioner as his tax return for 1977 and without any testimony by petitioner as to the amounts or sources of his income. [4] Respondent's determination that petitioner received wages in the amount of $ 44,424 is supported by the evidence, and we sustain respondent on that issue. *259 In fact, in his petition to the Court, petitioner did not challenge respondent's determination that he had wages of $ 44,424. Petitioner simply asserted that the tax deficiency was "high & excessive," that the number of his "dependents" was more than respondent allowed, and that he had enough expenses to more than offset the tax deficiency. However, petitioner has offered no evidence in support of the issues raised in his petition. Deductions and exemptions are a matter of legislative grace, and the taxpayer has the burden of proof. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. And a claim of privilege against self-incrimination does not relieve the taxpayer of his burden of proof, particularly where, as here, we have concluded that his Fifth Amendment claim is without merit. Wilkinson v. Commissioner, 71 T.C. 633, 637-638 (1979); Roberts v. Commissioner, 62 T.C. 834, 838 (1974). It is unfortunate that petitioner chose to put on no evidence. As an outside salesman, petitioner may well have incurred *260 some deductible employee business expenses. On his 1976 return, he claimed substantial amounts of employee business expenses that were allowed by respondent. Although petitioner listed his child as a dependent, petitioner has not established that he provided more than one half of the child's support so as to be entitled to a dependency exemption under sections 151(e) and 152(a). Petitioner also claimed an exemption for his wife whose name was not listed on the Form 1040. To claim an exemption for his wife, petitioner must establish that she did not file a separate return and that she did not have any gross income. Section 151(b). On the record that petitioner chose to present, the Court cannot allow any additional exemptions or employee business expense deductions. To reflect respondent's concession in regard to interest income for 1977, there must be a computation under Rule 155. Decision will be entered for respondent in Docket No. 371-80. Decision will be entered under Rule 155 in Docket No. 372-80. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years involved in these cases, unless otherwise indicated.↩
2. The only exception was line 63, reading "If line 62 is larger than line 54, enter amount OVERPAID," where petitioner inserted the words "No Overpayment."↩
3. Respondent suggests in his post-trial brief that the balance was in the form of advances or draws against which petitioner's wages or commissions were credited on the books of the Nashville Automobile College, but there is no direct proof in the record to that effect. The accountant for the company testified, however, that in addition to the W-2 Form and cancelled checks, there were company ledgers showing the wages paid to petitioner in 1977. The Court is satisfied that petitioner was paid the full $ 44,424 for 1977, and petitioner has not suggested otherwise. See the discussion in the Opinion regarding this ultimate finding of fact and regarding the issues actually raised by the petition in this case.↩
4. In fact, when the Court asked petitioner if he disputed the deficiency determined by respondent, petitioner declined to answer on the basis of the Fifth Amendment. Similarly, when the Court asked petitioner if he disputed the receipt of the wages from the Nashville Automobile College, he again declined to answer, citing his right under the Fifth Amendment↩.